[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12824
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 09-00015-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA JOANN SAPSIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 11, 2009)

Before BLACK, BARKETT  and FAY, Circuit Judges.

PER CURIAM:

Barbara Sapsin appeals her 24-month sentence, which was imposed

following her admission to violating the conditions of her supervised release for previous convictions of embezzlement of public money, property, or records, in violation of 18 U.S.C. § 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. On appeal, Sapsin argues that her sentence was unreasonable because the district court: failed to explain it reasons for the sentence, failed to take into account the Sentencing Guidelines policy statements and mandatory sentencing considerations at 18 U.S.C. § 3553(a), and impermissibly considered a factor not expressly listed in § 3553(a).

We review a sentence imposed upon the revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Out reasonableness review is deferential, and the party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006), citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In considering the reasonableness of a sentence, we employ an abuse-of-discretion standard "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Gall v. United States, 552 U.S. 38, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review de novo, as a question of law, whether a factor considered by the district court in sentencing is

2

impermissible.  Velasquez Velasquez, 524 F.3d at 1252. (quotation omitted).

When revoking a defendant's term of supervised release, 18 U.S.C. § 3583(e) instructs courts to consider certain § 3553(a) factors to determine an appropriate sentence.  See 18 U.S.C. § 3583(e). Specifically, courts are directed to consider: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence imposed to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes [committed by] the defendant"; the need for the sentence to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; applicable guidelines or policy statements issued by the Sentencing Commission; any pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to victims.  See 18 U.S.C. § 3583(e), citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).   The district court need not discuss or explicitly state each factor on the record, but an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice.  United States v. Gonzalez, 550 F.3d 1319, 1329-30 (11th Cir. 2008).

We will vacate a sentence if we are left "with the definite and firm conviction that the district court committed a clear error of judgment in weighing

3

the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). If the sentence imposed lies outside of the guideline range, the degree of the variance is relevant to the substantive reasonableness of the sentence and, in general, "a major departure should be supported by a more significant justification than a minor one." Gall, 552 U.S. at __, 128 S.Ct. at 597. Nonetheless, in reviewing such a sentence, the appellate court "may not apply a presumption of unreasonableness." Id. A district court has "considerable discretion" in deciding whether the § 3553(a) factors justify a variance, and it need not provide "extraordinary justification" for a sentence that lies outside the guideline range. United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir.) (quotation omitted), cert. denied 129 S.Ct. 2847 (2009).

After review of the parties' briefs and careful consideration of the record, we affirm. The district court specifically advised Sapsin that, although the advisory guideline range for her sentence was six to 12 months, she could potentially receive up to 24 months in prison. The court found that a variance was warranted. The court based its decision on a consideration of the policy statements, the § 3553(a) mandatory sentencing factors, and Sapsin's own admission that she committed violations of the conditions of supervised release.

4

There is no basis on which to conclude that the district court made a clear error in judgment in weighing the relevant § 3553(a) factors against the undisputed record.  See Shaw, 560 F.3d at 1237-1238; see also Gall, 552 U.S. at __, 128 S.Ct. at 597 (the reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.").  The district court did not abuse its discretion.  We therefore affirm.

**AFFIRMED**.